UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL A. VALENCIA,<br><br>                    Petitioner,<br><br>           v.<br><br>TAMMY CAMBELL,<br><br>                    Respondent. | Case No. 1:24-cv-00312-CDB (HC)<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST STATE REMEDIES AND FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Raul A. Valencia ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition seeks review of a sentence imposed upon him in the Superior Court of California, County of Stanislaus. *Id*. at 3. Petitioner claims he should be resentenced under Senate Bill 483, that he should be released for time served in light of the "all new laws since 2015," and that his sentence is in violation of California state law and Due Process. *Id*. at 2, 4-6, 8, 14

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. Habeas corpus petitions by pro se petitioners are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss

1

a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *see Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Allegations in a petition that are vague, conclusory, palpably incredible, or patently frivolous are subject to summary dismissal. *Hendricks*, 908 F.2d at 491. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**Background**

Petitioner filed the instant petition on March 14, 2024. (Doc. 1). According to Petitioner's allegations, in 2008 or 2009, he was convicted of attempted theft and sentenced to nine months in county jail. *Id*. at 4-5. In 2010, Petitioner was convicted for second-degree burglary and sentenced to a two-and-a-half-year prison term. *Id*. In December 2013, a Stanislaus County jury convicted Petitioner of three counts of robbery with the use of a deadly weapon. *Id*. at 3. Petitioner claims the Court applied multiple enhancements to his offenses, including gun enhancements, stricken enhancements, and prior prison enhancements. *Id*. On June 20, 2014, Petitioner was sentenced to thirty-two years and eight months in state prison. *Id*. Petitioner claims "someone with bad intention willfully committed foul play by changing [his] charges in order for [him] not to be resentenced." *Id*. at 5.

As addressed by another judge of this Court in an earlier habeas action commenced by Petitioner, at some point, Petitioner directly appealed his conviction to California's Court of Appeal. *See Valencia v. Robertson*, No. 1:19-cv-00398-DAD-HBK (E.D. Cal. 2019) (Doc. 27 at 2, n.1). Petitioner's direct appeal was rejected and he did not seek California Supreme Court review. *Id*. Petitioner sought habeas relief in the state courts for ineffective assistance of counsel. *Id*. Thereafter, Petitioner filed a federal habeas petition for his ineffective assistance of counsel claim. *Id.* (Doc. 1 at 6). On December 7, 2020, the Honorable District Judge Dale A. Drozd adopted the referred

magistrate judge's findings and recommendations and denied Petitioner's habeas petition. *Id.* (Docs. 29-30).

On October 11, 2021, California Senate Bill 483 ("SB 483") was published. (Doc. 1 at 4). Senate Bill 483 invalidated most prior prison term enhancements under state law. *Miller v. Allison*, No. 23-cv-772 MWF (MRW), 2023 WL 5174899, at *1 (C.D. Cal. Aug. 10, 2023). SB 483 also established a timeline for state courts to resentence eligible prisoners. *Id*. Petitioner claims he is an eligible inmate under SB 483. (Doc. 1 at 4). In December 2023, Petitioner asserts Public Defender Karen Kelly informed him his name was not given to the County of Stanislaus Court to be resentenced. *Id*. Petitioner claims he attempted to speak with the California Department of Corrections and Rehabilitation and the Classification Survivors Unit but was ignored. *Id*.

**Discussion**

Petitioner has failed to assert a claim cognizable in a petition for writ of habeas corpus. Petitioner's habeas corpus petition fails to show he exhausted state judicial remedies. A petitioner who is in state custody and wishes to collaterally challenge his convictions by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court and demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)). When none of a petitioner's claims have been presented to the highest state court as required, the Court must dismiss the petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims … it may simply dismiss the habeas petition for failure to exhaust."). In this case, Petitioner has not alleged that he has made any filing to any state court. The Court cannot consider a petition that is entirely unexhausted. *Rose*, 455 U.S. at 521-22; *see Clark v. Shirley*, No. 2:20-cv-11167-JVS-PD, 2021 WL 6752164, at *4

n.4 (C.D. Cal. Nov. 15, 2021), *report and recommendation adopted*, 2022 WL 279007 (C.D. Cal. Jan. 31, 2022) (dismissing habeas petitioner's unexhausted SB 483 claim).

Next, Petitioner has failed to state a claim for relief. A federal court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). To present a viable claim on federal habeas review based on an error of state law, a petitioner must show that the alleged state error was "so arbitrary and capricious as to constitute an independent due process…violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (citation omitted); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.") (citation omitted).

Here, Petitioner claims his due process rights were violated because his underlying sentence was illegally altered and is "unreasonably disproportionate [and] inconsistent with sentences imposed on other defendants sentenced for identical offenses." *Id*. at 5. Petitioner asks that he be resentenced in accordance with SB 483, and to strike his gun and prior enhancements be stricken. *Id*. at 4. It appears that Petitioner's claims and requests for relief are based in state law, and thus not cognizable on federal habeas review. *See Thomas v. Matterson*, No. 23-cv-08228-JFW (DFM), 2024 WL 1484596, at *3 (C.D. Cal. Apr. 5, 2024) (dismissing habeas petitioner with prejudice because "Petitioner's eligibility for relief under Senate Bill 483, or any other California law, is purely a question of state law interpretation and application and does not suffice to state a federal habeas claim"); *Miller*, 2023 WL 5174899, at *1 (same); *Clark*, 2021 WL 6752164, at *4 (same), *aff'd* No. 22-55188, 2023 WL 5368322, at *1 (9th Cir. May 15, 2023) (denying certificate of appealability because petitioner's SB 483 claim "fails to state any federal constitutional claims debatable among jurists of reason."). While Petitioner makes a vague assertion that his due process rights were violated, he has not alleged facts to show that any alleged state law error was so arbitrary and capricious to amount to an independent due process violation. *See Langford v. Day*, 110 F.3d 1380,

1389 (9th Cir. 1996) (explaining that petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.").

Because the petition fails to allege anything more than an error in the application by the Superior Court of California, County of Stanislaus, of state sentencing and resentencing laws, it necessarily fails to state a cognizable federal habeas claim and cannot be remedied by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

**Conclusion and Recommendation**

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a district judge.

And for the foregoing reasons, it is HEREBY RECOMMENDED that the petition for habeas corpus be dismissed with prejudice and that the Court decline to issue a certificate of appealability.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 days after being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 3, 2024**__   _____
UNITED STATES MAGISTRATE JUDGE