UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL A. VALENCIA,<br><br>        Petitioner,<br><br>    v.<br><br>TAMMY CAMBELL,<br><br>        Respondent. | Case No. 1:24-cv-00312-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. 7) |

      Petitioner Raul A. Valencia is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner seeks review of a sentence imposed upon him in the Superior Court of California, County of Stanislaus. *Id.* at 3. Petitioner claims he should be resentenced under California Senate Bill 483, that he should be released for time served in light of the "all new laws since 2015," and that his sentence is in violation of California state law and Due Process. *Id.* at 2, 4–6, 8, 14.

      On July 8, 2024, the assigned magistrate judge issued findings and recommendations to deny the petition for writ of habeas corpus for failure to exhaust state remedies and failure to state a claim. Doc. 7. The assigned magistrate judge found that petitioner had not presented his claim and petition to the highest state court or any state court. *Id.* at 3. Further, the assigned magistrate judge held petitioner had failed to allege anything more than an error in "state sentencing and resentencing laws"

1

and did not state a cognizable federal habeas claim. *Id*. at 4–5. On July 31, 2024, petitioner timely filed objections to the assigned magistrate judge's findings and recommendations. Doc. 8.

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this case. Having carefully reviewed the entire matter, the Court concludes the findings and recommendations are supported by the record and by proper analysis. Petitioner concedes he has failed to exhaust state remedies and does not credibly challenge the magistrate judge's conclusion that a dispute concerning application of California's sentencing laws does not amount to a cognizable federal habeas claim. *See* Doc. 8 at 3. Petitioner attempts to tie his state law claim to his federal rights, but a habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir. 1996).

Additionally, petitioner's request for an evidentiary hearing is denied. Although habeas "is an important safeguard designed "to correct real and obvious wrongs," it does not authorize habeas petitioners to engage in "fishing expedition[s] in search of facts to either support existing claims or identify new ones." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999). Accordingly, an evidentiary hearing on a habeas petition is unwarranted unless (1) the petition contains "allegations [that], if established, would entitle the petitioner to relief" and (2) "the state court trier of fact has not reliably found the relevant facts." *Id*. at 1068. Here, an evidentiary hearing is unwarranted because as explained in the findings and recommendations, petitioner's claims are unexhausted and not cognizable on federal habeas review.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the Court denies habeas relief on procedural grounds, the Court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

Here, reasonable jurists would not find the Court's conclusion debatable or conclude that petitioner should proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on July 8, 2024, Doc. 7, are adopted in full;
2. The petition for writ of habeas corpus, Doc. 1, is DISMISSED;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   March 27, 2025

_____
UNITED STATES DISTRICT JUDGE

3